OVERLAND CONSTRUCTION COMPANY, APPELLANT. v. VILLAGE OF RIDGEWOOD, RESPONDENT.

Submitted May 29, 1925—Decided October 19, 1925.

Plaintiff, a contractor on public work for a municipality, claimed to have been directed by agents of the municipality to proceed with the work under weather conditions which normally would and actually did spoil part of the work, which part was rejected by the engineer, and plaintiff did it over again as a prerequisite to

certificate and payment. After final certificate and payment, and acceptance thereof based on the work as amended, plaintiff brought suit for moneys claimed as due for doing again the part of the work that had been rejected. *Held,* that it was estopped after having accepted payment as in full pursuant to the contract and certificates.

On appeal from the Supreme Court.

For the appellant, *Peter J. McGinnis.*

For the respondent, *J. W. & E. A. De Yoe.*

The opinion of the court was delivered by

PARKER, J.  The plaintiff's claim is in substance and effect a claim for extra work done on a contract for curbing and guttering in the village of Ridgewood. The trial judge awarded a nonsuit, and this is the principal, though not the only, ground of appeal.

The nonsuit might perhaps be sustained on the theory that plaintiff, a corporation, had not shown itself to be the party entitled to sue on the contract, which, as usual in such cases, was in writing, and names as the contractors "James G. Conkelton, Eugenie M. Lachapelle and Gustave Dreher, *partners trading* as the Overland Construction Company." It appeared in the evidence that the partnership had taken the contract in the first instance, but that the work had been done by the corporation. That alone, of course, would not entitle the corporation to recover in this suit. There was some little attempt to prove that the partnership assigned the contract to the corporation, but there is little or nothing beyond some testimony that Conkelton had looked unsuccessfully among the papers for "the assignment" and that there was some dispute whether plaintiff or defendant had it. We find nothing to show the contents of the document, even conceding for the present that its loss was properly shown.

We prefer, however, to rest our decision on a more meritorious ground; and on that ground, now to be stated, conclude that the nonsuit was correct. For convenience, the

case will be considered as though the present plaintiff were the original contractor, ignoring the alleged assignment and all questions relating thereto. On this basis the facts, so far as we deem them material, are that the contract was let on October 15th, 1915, and called for completion in sixty working days; that the village engineer was to set the stakes and was somewhat slow about it; that plaintiff was urgent, stating that cold weather was coming on, and would prevent progress of the work, which was to be concrete and liable to freeze, &c.; that after the stakes were set, one or more officials of the village, whose authority to bind it was denied, but may be assumed for present purposes, directed the work to proceed notwithstanding the weather conditions; that accordingly it did proceed, with some delay not now material, and a considerable quantity of the curb and guttering laid under these adverse conditions was rejected by the engineer, who refused to certify acceptance, and that plaintiff was thereby compelled to, and did, relay it; after which, and not until then, acceptance of the work on intermediate and final certificates was certified, and the payments provided by the contract made and accepted by plaintiff.

The claim made in this suit necessarily rests upon the proposition that the payments made under the contract and upon the engineer's certificates were payments *pro tanto* for the spoiled gutter and curbs first laid, and that although plaintiff felt obliged, or deemed it proper under the circumstances, to do the work over again in order to obtain that money, it can now treat the payments as made for spoiled work and recover for the further work as extra. But in our view, plaintiff is manifestly barred by fundamental rules of estoppel. When it had laid the curbs and gutters, part of which were defective, and claimed payment, it was either entitled to·a certificate and to payment, or it was not. If not, of course, that ends the case. If it was, and the engineer wrongfully and illegally refused a certificate, that was the time to assert its rights, to refuse to do the work over again, and to raise the issues now raised in this case, including agency of the officials and the like. Plaintiff chose not to do this, and

submitted to the requirements that the work be partly torn out and relaid as a condition of payment. It cannot now, after the village has been led into paying its money on the express basis of accepting, not the original defective work, but the proper new work, as performance of the contract, take a position precisely opposite to that assumed by it in receiving payment under the certificates.

These considerations make it unnecessary to deal with the other grounds of appeal, as they relate to matters aside from the point just discussed and which is determinative of the appeal.

The judgment will be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, JJ. 14.

*For reversal*—None.